ORIGINAL

# In the United States Court of Federal Claims

No. 14-75C
(Filed October 1, 2014)
NOT FOR PUBLICATION

FILED

OCT - 1 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * *   *
                                 *
                                 *
RONALD L. WHITWORTH, JR.,        *
                                 *
              Plaintiff,         *
                                 *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * *   *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Pending before the Court is defendant's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).[1]  For the reasons set forth below, the Court finds that it lacks jurisdiction over plaintiff's claims.  Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed his complaint in this court on January 27, 2014.  Compl. Plaintiff alleges that he was unjustly convicted and imprisoned and that he was forced to accept a plea bargain agreement that the government later breached by seeking a longer sentence than called for by the plea agreement. *Id.* ¶¶ 1–17, 37–41, 90–101.  The relevant facts have been alleged as follows.

---

[1]  The motion also identifies RCFC 12(b)(6) as, presumably, an alternative basis for dismissal.  Since that rule is not substantially discussed in the motion, the Court will treat its invocation as a typographical error.

Plaintiff was arrested in September of 2008 and indicted on three charges, including a Mann Act violation for transporting a minor in interstate commerce with intent to engage in sexual activity. Compl. ¶¶ 13–16. Assigned two attorneys by the federal district court, plaintiff alleges he expected to take his case to trial, but his appointed counsel, without revealing their intentions to him, never prepared for trial as they fully expected to seek a plea deal. *Id.* ¶¶ 19–22. Plaintiff alleges that he discovered his attorneys' unwillingness to try his case just ten days before his scheduled trial date. One of plaintiff's attorneys told him that while his counsel was unprepared to go to trial, a plea deal had been proffered by the Assistant U.S. Attorney. *Id.* ¶ 20. Still desirous of taking his case to trial, plaintiff endeavored to obtain a continuance from the magistrate judge, which was denied. *Id.* ¶¶ 19–23. As a result, plaintiff attempted to prepare for his trial without the help of counsel over the weekend before his September 21, 2009 trial date. Due to time constraints, plaintiff could not prepare an adequate defense. *Id.* ¶¶ 23–26. On the day of his scheduled trial, therefore, plaintiff asked his court-appointed counsel to resume as his attorneys. *Id.* ¶ 28. Upon resuming their duties, both attorneys again refused to try his case; however, they did obtain a proposed plea agreement from the state and urged plaintiff to accept. *Id.* ¶¶ 27–30.

Given plaintiff's inability to represent himself and facing the possibility of life in prison without parole if convicted on all three counts pending against him, plaintiff signed the plea agreement that the state tendered on September 21, 2009. *Id.* ¶ 33. The plea agreement provided for dismissal of the first two counts in exchange for plaintiff's agreement to plead guilty to violating the third count --- transporting his daughter across state lines into Georgia for illicit purposes, a violation of the Mann Act. Def.'s Mot. to Dismiss Pl.'s Compl. (Def.'s Mot.), App. at A.1–A.3 (Def.'s App.).[2] But the plea agreement signed by plaintiff and the United States contained contradictory language stemming from what the government contends was a typographical error. On the one hand, the plea agreement indicated

---

[2] A contract referenced in a complaint is incorporated into it for purposes of Rule 12(b) motions. "[I]t is well established that, in addition to the complaint itself and attached exhibits, the court 'must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Bristol Bay Area Health Corp. v. United States*, 110 Fed. Cl. 251, 262 (2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "Moreover, '[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.'" *Id.* (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *see also Perry v. New England Bus. Serv., Inc.*, 347 F.3d 343, 345 n.2 (1st Cir. 2003) ("Where . . . a complaint's factual allegations are expressly linked to --- and admittedly dependent upon --- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under [Rule 12(b)]." (internal quotation marks omitted)).

that "the government and the defendant stipulate that a sentence of 20 years is the disposition of this case" and that "the recommendation for 20 years imprisonment BINDS THE COURT ONCE THE COURT ACCEPTS THE PLEA AGREEMENT." Def.'s App. at A.4, A.7 (emphasis omitted). On the other hand, the plea stated that "the Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Parties, other than the 60 month (5 year) term of imprisonment, is NOT BINDING UPON THE COURT. . ." *Id.* at A.7–A.8 (emphasis omitted).

At plaintiff's sentencing hearing, the Assistant U.S. Attorney asked the court to sentence plaintiff to twenty years in prison. Compl. ¶ 32. Though plaintiff objected on the grounds that he expected a five-year sentence based on the language of his binding plea agreement, the court sentenced plaintiff to the twenty-year term requested by the prosecution. *Id.* ¶ 32–33. During the sentencing colloquy, the court "explained that the plea agreement called for a 20-year sentence, that split sentences are illegal under Federal law, and that a five-year sentence was unavailable because there is a ten year mandatory minimum." Def.'s Mot. at 4 (citing Def.'s App. at A.20–A.21).[3] Plaintiff stated that he understood that the plea agreement provided for a twenty-year sentence and that he did not wish to withdraw his plea. *Id.* at 5 (citing Def.'s App. at A.22, A.24–A.28).

Plaintiff alleges that even though he instructed his counsel to appeal the twenty-year sentence immediately, his attorney failed to comply. Compl. ¶ 34. As a result, plaintiff mailed a notice of appeal to the district court as soon as he arrived at his first designated prison. *Id.* ¶ 35. The Eleventh Circuit dismissed plaintiff's appeal for untimeliness and, subsequently, denied both a panel rehearing and a rehearing en banc. *Id.* ¶¶ 36–37.

On April 12, 2011, plaintiff filed a "Motion To Vacate, Set Aside, or Correct An Illegal Sentence" pursuant to 28 U.S.C. § 2255 in the district court. Compl. ¶ 39. Both parties moved for summary judgment on the plaintiff's motion. Having not received a ruling on his motion for summary judgment six months later, plaintiff filed a motion to settle matters pending before the court on December 27, 2011. *Id.* ¶ 43. On January 3, 2012, the district court denied plaintiff's motion for summary judgment without prejudice. *Id.* Numerous motions and appeals followed, *id.* ¶¶ 43–96, including a civil rights complaint against the local sheriffs who, plaintiff alleged, "severely violated his constitutional rights," as well as against the "federal actors who were complicit in the violation of his well established constitutional rights," *id.* ¶ 48. Eventually, the magistrate judge issued a Report and

---

[3] When jurisdiction is challenged, evidence outside the complaint may be considered. *See Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947); *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936); *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999); *Forest Glen Props., LLC v. United States*, 79 Fed. Cl. 669, 676–78 (2007).

Recommendation denying plaintiff relief on all issues related to the plaintiff's section 2255 motion. *Id.* ¶ 74. The district court adopted the Report and Recommendation in its entirety. *Id.* ¶ 75.

On June 13, 2013, plaintiff filed an application for a certificate of appealability with the district court as well as his notice of appeal. Compl. ¶ 76. The application alleged forty-one pages worth of violations of plaintiff's constitutional rights in the original case. *Id.* The district court denied plaintiff's application. *Id.* Plaintiff then filed his application for a certificate of appealability to the Eleventh Circuit. *Id.* ¶ 78. This application, too, was denied on October 11, 2013, *id.* ¶ 80, and a reconsideration motion was denied on December 5, 2013, *id.* ¶ 85.

Finally, plaintiff petitioned the Supreme Court for certiorari and has filed an application to Justice Thomas to review and correct the alleged abuse of discretion by the Eleventh Circuit regarding plaintiff's application for a certificate of appealability. *Id.* ¶ 89. Despite numerous appeals, plaintiff remains in prison, not having demonstrated his innocence or government wrongdoing in any court.

## II. DISCUSSION

Plaintiff contends that his initial conviction and imprisonment in 2009 were unjust and that his constitutional rights were violated both leading up to that conviction and, subsequently, when he tried to challenge that conviction. Compl. ¶ 91. In addition, plaintiff asserts that the federal government breached his plea agreement. *Id.* ¶ 95. Plaintiff seeks two forms of relief, alternatively, from this court. The first form of relief sounds largely in plaintiff's alleged unjust conviction and imprisonment claim. The second rests primarily on his alleged breach of plea agreement claim. To compensate for the damages arising out of his alleged unjust conviction and imprisonment, plaintiff requests $20 million. *Id.* ¶ 98. Plaintiff also seeks injunctive relief from his incarceration. *Id.* Alternatively, plaintiff asks the Court to order specific performance of the contract between himself and the United States, which, he argues, provides for a five-year prison sentence that he has already served. *Id.* ¶ 99. Specific performance, according to plaintiff, "would be release from prison to a less restrictive form of custody" such as "Supervised Release," "Home Confinement," or "Residential Re-entry Center placement." *Id.* ¶ 99. Specific performance, argues plaintiff, ought to be accompanied by dismissal of the charges and the expungement of his criminal record, as well as a $5 million award. *Id.* ¶ 101.

Defendant filed a motion to dismiss in lieu of an answer, which contains three principle arguments. First, the government argues that this court does not have jurisdiction over plaintiff's claim because we lack jurisdiction over claims for unjust conviction and imprisonment where the defendant's conviction has not been reversed or set aside. Def.'s Mot. at 8–9 (citing *Winston v. United States*, 465 F.

App'x 960, 962 (Fed Cir. 2012)). Second, defendant asserts that this court lacks jurisdiction to review the decisions or actions of another court, at the federal district level or otherwise. *Id.* Finally, defendant argues that the Tucker Act does not confer on this court jurisdiction over breach of plea agreement claims absent an express promise to subject the United States to monetary liability. *Id.* at 12–13 (citing *Sanders v. United States*, 252 F.3d 1329, 1334–35 (Fed. Cir. 2001)).

## A. Legal Standards

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that this court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that, on a motion to dismiss for lack of subject-matter jurisdiction, the court view "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed, *see, e.g.*, *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## B. Analysis

### 1. Unjust Conviction and Imprisonment

This court undoubtedly has jurisdiction to award damages in unjust imprisonment cases under 28 U.S.C. § 1495. However, in order to enjoy relief in this court under section 1495, a plaintiff must allege and prove that

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513 (2012); *see also Bolduc v. United States*, 72 Fed. Cl. 187, 193 (2006).

Given that plaintiff remains incarcerated and has never demonstrated to any court's satisfaction that his conviction ought to be reversed or set aside due to his lack of guilt (or, indeed, for any reason), or that he did not commit any of the acts charged against him, this court lacks jurisdiction under RCFC 12(b)(1) to award him damages. Our court can adjudicate only those claims brought under section 1495, in which a plaintiff alleges that his conviction was reversed or set aside due to lack of guilt. Plaintiff has failed to allege this --- in fact, his complaint makes clear that he remains in prison --- and thus has failed to allege facts necessary to bring the matter of his conviction and imprisonment within our jurisdiction. *See Winston v. United States*, 465 F. App'x 960, 961–62 (Fed. Cir. 2012).

## 2.  Review of District Court Decision

This court also lacks subject-matter jurisdiction over plaintiff's complaint regarding any alleged infirmities associated with his conviction. *See* Def.'s Mot. at 9–11. As the Federal Circuit explained in *Joshua v. United States*, 17 F.3d 378 (Fed. Cir. 1994), our court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Id.* at 380. Moreover, "[t]his Court lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013). Finally, as this court's predecessor, the Court of Claims, held in *Carter v. United States*, 228 Ct. Cl. 898 (1981), "[i]f plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court. . . . [H]e cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages." *Id.* at 900.

Insofar as plaintiff's requested relief would have our court overturn the decisions of the Northern District of Alabama or the Eleventh Circuit, his complaint amounts to a collateral attack that is beyond our jurisdiction. Accordingly, this court lacks the power to decide the correct length of plaintiff's sentence under his plea agreement; to dismiss the charges leveled against him and expunge his criminal record; or to provide injunctive relief to remedy plaintiff's allegedly unjust imprisonment, which he calls "the source of continuing injustice," Compl. ¶ 98. Furthermore, this court is without authority to consider plaintiff's allegations of

constitutional violations associated with his conviction.  These are matters for the Eleventh Circuit and the Supreme Court, not this tribunal.

### 3.  Breach of Plea Agreement

As the government correctly argues, this court has no jurisdiction over plaintiff's claim for breach of the plea agreement.  Def.'s Mot. at 12.  Both *Kania v. United States*, 227 Ct. Cl. 458 (1981) and *Sanders v. United States*, 252 F.3d 1329 (Fed. Cir. 2001), make plain that this court lacks jurisdiction over alleged breaches of plea agreements, with one minor exception.  As the Court of Claims stated in *Kania*, "the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction" rather than this court (or to its predecessor, the Court of Claims).  *Kania*, 227 Ct. Cl. at 465.  Moreover, the court noted that "[i]t is particularly unreasonable to suppose that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials."  *Id.* at 269.  The only exception to the *Kania* rule is that this court can exercise jurisdiction over breach of plea agreement claims where the agreement at issue contains "an unmistakable promise to subject the United States to monetary liability."  *Sanders*, 252 F.3d at 1336.

In the instant case, plaintiff's breach of the plea agreement claim involves a purely criminal matter that had been, as it ought to have been, enforced and policed by the federal district court and the court of appeals.  Plaintiff alleges no promise, written or oral, on the part of the federal government to provide the plaintiff with monetary compensation in the event of breach.  For that matter, review of the plea agreement reveals no such provision.  *See* Def.'s App. at A.1–A.2.  Under *Sanders* and *Kania*, therefore, plaintiff cannot seek relief from this court for any breach of this plea agreement.  His request for the Court to interpret his plea agreement as providing for a five-year sentence, to dismiss his charges and expunge his record, and to award him $5 million, therefore, cannot be entertained.

## III.  CONCLUSION

For the foregoing reasons, having considered defendant's arguments for dismissal, the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).  The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge